IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Robert Thomas** | |
| *Plaintiff(s)* | No. 3:22-cv-1190 |
| **v.** | Judge Mariani |
| **John Wetzel, et al.** | Am. Cplt. filed 02/21/23 |
| *Defendant(s)* | Electronically filed document |

# DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By: _____
**PHILLIP A. MICHAEL**
Deputy Attorney General
Attorney ID #311300

KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 705-2277

pmichael@attorneygeneral.gov

**Date: November 20, 2023**

*Counsel for Defendants*

## INTRODUCTION

Plaintiff brings claims under the First and Fourteenth amendments, alleging Defendants violated his rights by failing to notify him that his legal mail was returned to sender, causing him to lose the opportunity to appeal a state court decision dismissing a negligence lawsuit he had filed against prison employees.

Defendants are entitled to judgment as a matter of law on Plaintiff's First Amendment access-to-court claims as the underlying 'lost claim' is frivolous and is not the type of claim that can support a prisoner's access-to-courts injury.

However, in light of the Third Circuit's decision in *Vogt v. Wetzel*[1] and Chief Judge Brann's decision in *Mojica-Carrion v. Wetzel*[2], Plaintiff's due process rights were violated when he was not notified that his court mail was returned to sender. While Defendants do not dispute that a due process violation occurred, Plaintiff has failed to establish the involvement of any Defendant except former-Secretary Wetzel. Further, as Plaintiff did not suffer any actual injury as a result of this deprivation, he is only entitled to nominal damages. Accordingly, the Court should enter summary judgment in favor of all Defendants on the First Amendment access-to-courts claim, in favor of all Defendants except Wetzel on the Fourteenth Amendment due process claims, and dismiss Plaintiff's claims for compensatory and punitive damages.

---

[1] *Vogt v. Wetzel*, 8 F. 4th 182 (2021) (inmate's due process rights violated when mail rejected without notice)
[2] *Mojica-Carrion v. Wetzel*, 2023 WL 4534597 (M.D. Pa. 2023) (defendants' not entitled to qualified immunity for rejecting inmate mail without notice).

## PROCEDURAL HISTORY

Plaintiff, a *pro se* convicted prisoner, initiated this § 1983 civil rights action by filing a Complaint on August 1, 2022. (Doc. 1). Defendants filed a Motion to Dismiss on October 25, 2022. (Doc. 16). In lieu of a brief in opposition, Plaintiff filed an Amended Complaint on February 21, 2023. (Doc. 45). Defendants filed an Answer on May 30, 2023 and the case proceeded to discovery. (Doc. 57). Discovery closed on September 5, 2023. (Doc. 56).

Defendants filed a Motion for Summary Judgment on October 5, 2023. (Doc. 65). Defendants now file a Statement of Material Facts and this supporting brief.

## STATEMENT OF FACTS

Plaintiff Robert Thomas is an inmate in the custody of the Pennsylvania Department of Corrections (DOC), housed at SCI-Rockview. (Doc. 45, ¶ 3). On February 4, 2021, Thomas filed a civil action in "Negligence and Assumpsit" in the Court of Common Pleas of Huntingdon County. (*Id.*, ¶ 29; *see also* Doc. 57-2). The lawsuit accused various DOC employees and officials of negligence in the handling of his personal property. (*See id.*).

On May 20, 2021, the Huntingdon County court granted defendants' preliminary objections and dismissed the lawsuit. (Doc. 45, ¶ 33; *see also* Doc. 57-3). The court mailed Thomas a copy of its Order dismissing his suit. The prison received this mailing on May 24, 2021; however, it was returned to sender because it did not contain a control number, as required by the DOC's legal mail policy. (*See* Doc. 45, ¶¶

2

34-38, 41; *see also* Doc. 57-7). Pursuant to the DOC policy in effect at that time, Thomas was not notified that his incoming mail had been returned to sender.[3] (Doc. 45, ¶¶ 37-41). Thus, he did not become aware that the court had dismissed his lawsuit until he received another mailing from the court on July 26, 2021, after the period to appeal the court's dismissal had expired.[4] (*Id.*, ¶¶ 34-35).

Defendant John Wetzel is the former Secretary of the DOC, responsible for implementing the DC-ADM 803 policy on Inmate Mail and Incoming Publications, effective August 10, 2020. (*Id.*, ¶¶ 4-5; Doc. 57-1). Wetzel retired as DOC Secretary in September 2021. Upon his retirement, Defendant George Little took over as acting-Secretary of the DOC. (Doc. 45, ¶ 8).

Defendant Bobbi Jo Salamon is the Superintendent of SCI-Rockview. (*Id.*, ¶ 12). Salamon was not personally involved in the rejection of Plaintiff's mail or the development of the DOC's mail policies. When Plaintiff informed her of the issues he was having with his mail, she told him that the mail policy did not require notification to inmates when their legal mail was returned to sender. (*Id.*, ¶¶ 44-48).

---

[3] This policy has been changed in light of the Third Circuit's decision in *Vogt v. Wetzel*, 8 F. 4th 182 (2021). Prisons now notify inmates any time their mail is rejected or otherwise not delivered. *See* Attachment 1.

[4] While Plaintiff's Complaint references other incidents in which he alleges his mail was rejected without notice, including mail from a court in Missouri regarding a child custody issue (Doc. 45, ¶¶ 52-53), he does not describe these incidents in any detail, does not specify what mail was rejected and on what date, and does not appear to bring claims for any rejected mail besides the mailing from the Huntingdon County court on May 24, 2021. (*See id.*, ¶¶ 90-113).

3

Defendant Stewart Boone is the Mailroom Supervisor at SCI-Rockview. (*Id.*, ¶ 15). Boone was not personally involved in the rejection of Plaintiff's mail or the development of the DOC's mail policies. (*See id.*, ¶¶ 56-63). Plaintiff wrote to Boone about why the mailroom did not provide notice that his mail was returned to sender. In response, Boone sent Plaintiff a copy of the DC-ADM-803, which indicated notification was not required under the mail rejection policy. (*See* Doc. 45, ¶¶ 58-59). This appears to be his only involvement in this matter.

Defendants Sharon Caprio, Donald Scott, Andrew Moist, and Stacey Tice are DOC employees assigned to the mailroom at SCI-Rockview. Their jobs entail sorting, collecting, and delivering incoming and outgoing inmate mail. (*Id.*, ¶¶ 17-28). Plaintiff alleges that these mailroom employees violated his rights by "not sending notice of legal mail that was rejected and returned to sender." (*Id.*, ¶¶ 105-112). However, he has not adduced any evidence that any of the mailroom Defendants personally rejected the mail at issue without providing notice.

Plaintiff brings access-to-court claims under the First Amendment and due process claims under the Fourteenth Amendment. (*See id.*, ¶¶ 90-113). He seeks a declaratory judgment that Defendants violated his rights and an award of compensatory and punitive damages. (*Id.*, p. 16).

## QUESTIONS PRESENTED

I. **Whether Plaintiff's First Amendment claim fails as a matter of law as the underlying 'lost claim' is frivolous and insufficient to support an access to courts violation?**

*Suggested Answer: Yes*

II. **Whether Plaintiff has failed to establish the personal involvement of Little, Salamon, Boone or the mailroom defendants?**

*Suggested Answer: Yes*

III. **Whether Plaintiff is entitled to recover compensatory or punitive damages?**

*Suggested Answer: No*

## ARGUMENT

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine, material dispute and an entitlement to judgment. *Id.* at 323. This

showing does not necessarily require the moving party to disprove the opponent's claims. Instead, this burden may often be discharged simply by pointing out for the court a lack of evidence in support of the non-moving party's claims. *Id.* Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group. Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

## I. Plaintiff's First Amendment claim fails as a matter of law as the underlying 'lost claim' is frivolous and insufficient to support an access to courts violation.

Thomas' first claim alleges deprivation of his First Amendment right of access to the courts. He alleges that Defendants caused him to lose an opportunity to appeal the Huntingdon County Court of Common Pleas dismissal of his "Civil Tort Action in Negligence and Assumpsit" in the matter docketed as *Thomas v. Dep't of Corr., et al.*, CP-31-CV-31-2021. This claim fails as a matter of law as Plaintiff's 'lost claim' is frivolous and is insufficient to support a First Amendment access-to-court violation.

### A. Plaintiff's underlying 'lost' claim is insufficient to support an access to court's violation

In *Lewis v. Casey*, the United States Supreme Court explained that only "certain types of claims" lost for reason of state action could support a claim in the prison context for an 'access-to-courts' injury. 518 U.S. 343 (1996); *accord Rivera v. Monko*, 37 F.4th 909, 921 (3d Cir. 2022). For a claim to qualify, the claim allegedly lost must either

6

have been "direct or collateral attacks on a prisoner's conviction or sentence, or civil rights suits challenging the conditions of his confinement." *Id.* at 355. In so holding, the Court explained that impairment "of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis and parenthetical in the original). That holding is fatal to Thomas' access-to-courts claim here.

    Here, Plaintiff's access-to-courts claim fails because the predicate civil action upon which it is based is neither a direct or collateral attack on his conviction or sentence, nor a civil rights suit which challenges the conditions of his confinement. Indeed, Thomas himself recognizes that the claim 'lost' was one sounding in "Negligence and Assumpsit" and pertained to the "unexplained misplacement, loss, and or destruction of property[.]" (*See* Doc. 45, ¶¶ 29-30). The complaint filed in that underlying action confirms as much—revealing that the crux of that action was for an alleged deprivation of personal property. (*See* Doc. 57-2). It is well-established that such claims are insufficient to support an access-to-courts claim. *See, e.g., Lamberty v. Nicklow*, 2023 WL 4631660 (M.D. Pa. 2023) (claim of withheld documents by prison officials insufficient injury to support denial of access-to-courts claim); *Real v. Huber*, 2015 WL 13738830 (M.D. Pa. 2015) (citing *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998)) (return of property claims not the type cognizable as an access-to-courts claim under *Lewis*). Accordingly, this Court should enter judgment for Defendants on Plaintiff's First Amendment access-to-courts claim.

### B. Plaintiff has failed to establish that his underlying 'lost' claim is nonfrivolous.

To state a First Amendment claim for a violation of the right to access the courts, a plaintiff must allege that he was denied the tools needed to pursue a legal claim and that an actual injury resulted. *Rivera*, 37 F.4th at 915 (quoting *Lewis*, 518 U.S. at 355). To prevail on such a claim, a plaintiff must demonstrate: (1) that he suffered an "actual injury," that is, that he lost the chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2) that he has no remedy "other than the present denial of access suit." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). The plaintiff must describe the underlying claim well enough to show that it is based on "more than hope." *Christopher*, 536 U.S. at 416; *see also Allen v. Ripoll*, 150 Fed. Appx. 148, 150 (3d. Cir. 2005) ("The underlying lost or rejected legal claim must be specifically identified and meritorious."). This is because the right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.

Here, Thomas alleges that he lost the opportunity to appeal the Huntingdon County court's dismissal of his negligence suit against various DOC employees. (Doc. 45, ¶¶ 90-99). That court dismissed the suit after granting the defendants' preliminary objections, holding Thomas' complaint failed to establish the personal involvement of several defendants, failed to state a claim in either negligence or assumpsit upon

8

which relief could be granted, and that the defendants were entitled to sovereign immunity. (*See* Doc. 57-3, pp. 3-4). Plaintiff's Complaint in the instant matter fails to aver how the Huntington County court erred in dismissing his underlying suit or on what grounds he would have appealed if he had the opportunity. (*See* Doc. 45, ¶¶ 73-89). Thus, Plaintiff has failed to describe the underlying 'lost' appeal well enough to show it is "nonfrivolous" and based on "more than hope." *See Christopher*, 536 U.S. at 416; *Allen*, 150 Fed. Appx. at 150. Indeed, Plaintiff has failed to even allege the underlying appeal is meritorious, and has certainly not adduced any facts to support the claim sufficient to overcome summary judgment. Accordingly, this Court should enter judgment for Defendants on Plaintiff's First Amendment access-to-courts claim.

## II. Plaintiff has failed to establish the personal involvement of Little, Salamon, Boone or the mailroom defendants.

To establish liability against a defendant in a § 1983 action, the defendant must have "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) That is, the state actor must have played an affirmative part in the alleged misconduct in order to be subject to liability. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Chavarriaga v. New Jersey Department of Corrections*, 806 F.3d 210, 222 (3d Cir. 2015). Generally, there is no supervisory liability in a § 1983 action and liability cannot be predicated solely on the operation of *respondeat superior*. *See Rode*, 845 F.2d at 1207. However, courts recognize that liability under § 1983 may be imposed on an official with final policymaking authority if that official establishes an unconstitutional policy

that, when implemented, injures a plaintiff. *Chavarriaga*, 806 F.3d at 223 (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989). To establish a claim against a policymaker under § 1983, a plaintiff must allege and prove that the official established or enforced policies and practices directly causing the constitutional violation. *Id.*

### A. Defendant George Little

Thomas alleges that acting-Secretary Little violated his due process rights by enforcing former-Secretary Wetzel's unconstitutional mail rejection policy, causing him not to be notified when his mail was returned to sender. (*See* Doc. 45, ¶ 113). However, the mailing at issue was rejected and returned to sender on May 24, 2021; Defendant Little did not take over for Wetzel as acting-Secretary until August 2021. (*See* Doc. 45, ¶¶ 34-38, 41; *see also* Doc. 57-7). Thus, Wetzel still had final policymaking authority when the mailing was rejected as Little had not yet ascended to the Secretary position. Accordingly, Little cannot be liable as a policymaker under § 1983 and the Court should grant summary judgment in his favor on all claims.

### B. Defendants Bobbi Jo Salaman & Stewart Boone

Thomas alleges that Bobbi Jo Salamon, the Superintendent of SCI-Rockview, and Stewart Boone, the Mailroom Supervisor, violated his due process rights by enforcing former-Secretary Wetzel's unconstitutional mail rejection policy, causing him not to be notified when his mail was returned to sender. (*See* Doc. 45, ¶¶ 102; 104). Thomas avers that when he informed Salamon of the issues he was having with

his mail, she told him that the mail policy did not require notification to inmates when their legal mail was returned to sender. (*Id.*, ¶¶ 44-48). He further avers that when he wrote to Boone about why the mailroom did not provide notice that his mail was returned to sender, Boone replied with a copy of the DC-ADM-803, which indicated notification was not required under the mail rejection policy. (*Id.*, ¶¶ 58-59).

Thomas does not allege, and has not adduced any facts to establish, that Salamon or Boone had final policymaking authority over the DOC's mail policies. (*See* Doc. 45). Nor has Thomas alleged that Salamon or Boone had the authority to override or disregard the mail policies put in place by the Secretary. (*See id.*). Moreover, neither individual was personally involved in the rejection without notice of Plaintiff's mail. Accordingly, Salamon and Boone had no personal involvement in the alleged wrongs, as policymakers or otherwise, and thus summary judgment should be granted in their favor on all claims.

### C. The Mailroom Defendants

Thomas alleges that Defendants Sharon Caprio, Donald Scott, Andrew Moist, and Stacey Tice, all employees in the SCI-Rockview mailroom, violated his due process rights by rejecting his mail without notice, causing him to lose the chance to appeal the dismissal of his underlying lawsuit. (*See* Doc. 45, ¶¶ 105-112). Thomas avers that the mailroom defendants' jobs entail sorting, collecting, and delivering incoming and outgoing inmate mail. (*Id.*, ¶¶ 17-28). However, Thomas has not adduced any evidence that any of the mailroom Defendants personally rejected the

11

mail at issue without providing notice, or even that any of these Defendants were working on May 24, 2021. Accordingly, Thomas has failed to establish the requisite personal involvement of any of the mailroom Defendants and thus summary judgment should be granted in their favor on all claims.

### III. Plaintiff is not entitled to recover compensatory or punitive damages.

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(e), compensatory damages are only available for actual injuries. An inmate-plaintiff is not entitled to recover damages for pain, emotional distress or mental anguish suffered as a result of the defendant's conduct unless he proves that he suffered an actual physical injury. *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003); *Allah v. Al-Hafeez*, 226 F.2d 247, 250 (3d Cir. 2000). That is, an actual physical injury is a prerequisite for the award of damages for emotional and mental harm. Where there is no actual injury, nominal damages are appropriate to acknowledge the deprivation of a federal right. *Allah*, 226 F.2d at 247. This is to make the symbolic point that the plaintiff was wronged and that society demands that constitutional rights be scrupulously observed. *See Carey v. Piphus*, 435 U.S. 248, 266-67 (1978).

The imposition of punitive damages requires "conduct … motivated by evil motive or intent, or … involv[ing] reckless or callous indifference to the federally protected rights of others." *Allah*, 226 F.2d at 251-52. The purpose of punitive damages is "to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." *Id.* For punitive damages to be available, a plaintiff

12

must have shown that the defendant engaged in callous, reckless, or reprehensible behavior of a sort that calls for deterrence or punishment so as to justify consideration of punitive damages. *Small v. Wetzel*, 528 Fed. Appx. 202, 210 (3d Cir. 2013) (citing *Keenan v. City of Philadelphia*, 983 F.2d 459, 469-70 (3d Cir. 1992) (punitive damages must be "reserved for special circumstances").

    Here, in light of the Third Circuit's decision in *Vogt*, Thomas' due process rights were violated when he did not receive notice his incoming mail had been returned to sender. However, because the underlying claim Thomas allegedly 'lost' as a result of this deprivation is frivolous and is insufficient to support a First Amendment access-to-court's violation, he did suffer any actual injury. (*See supra*, pp. 6-9). And to the extent Thomas alleges this deprivation caused him emotional distress or mental anguish, he is not entitled to recover compensatory damages as he suffered no physical injury – he is only entitled to recover nominal damages to acknowledge the symbolic deprivation of his rights. *Mitchell*, 318 F.3d at 533.

    Moreover, while Thomas' Complaint requests punitive damages, it fails to set forth any facts to support a claim any defendants engaged in "reprehensible behavior" of a sort that calls for deterrence or punishment. (*See* Doc. 45). Indeed, most Defendants were simply following prison policy when they rejected Thomas' mail without notification and Plaintiff suffered no actual injury as a result of their behavior. Given the nature of the deprivation, Thomas simply cannot establish any defendant was motivated by evil intent or engaged in callous, reckless, or reprehensible behavior

13

of a sort that calls for deterrence or punishment so as to justify consideration of punitive damages. *See Small*, 528 Fed. Appx. at 210. This is especially true considering the constitutionally deficient policy at issue has already been remedied. (*See* Attachment 1). Accordingly, the Court should enter judgment in favor of Defendants and dismiss Plaintiff's claims for compensatory and punitive damages.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion and enter summary judgment in favor of all Defendants on the First Amendment access-to-courts claim, in favor of all Defendants except Wetzel on the Fourteenth Amendment due process claims, and dismiss Plaintiff's claims for compensatory and punitive damages.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Robert Thomas** | |
| *Plaintiff(s)* | No. 3:22-cv-1190 |
| **v.** | Judge Mariani |
| **John Wetzel, et al.** | Am. Cplt. filed 02/21/23 |
| *Defendant(s)* | Electronically filed document |

## CERTIFICATE OF SERVICE

I, Phillip A. Michael, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 21, 2023, I caused to be served a true and correct copy of the foregoing document, titled Defendants' Brief In Support of Motion for Summary Judgment to the following:

**VIA U.S. MAIL**
Smart Communications/PADOC
Robert Thomas (HV-9362)
SCI Rockview
P.O. Box 33028
St. Petersburg, FL 33733
*Pro se Plaintiff*

By: _____
**PHILLIP A. MICHAEL**
Deputy Attorney General
Attorney ID #311300