## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT THOMAS,                        :       Civil No. 3:22-cv-1190
                                      :
            Plaintiff                 :       (Judge Mariani)
                                      :
      v.                              :
                                      :
JOHN WETZEL, *et al.*,                :
                                      :
            Defendants                :

### MEMORANDUM

Plaintiff Robert Thomas ("Thomas"), an inmate confined at State Correctional

Institution, Rockview, Pennsylvania ("SCI-Rockview"), initiated this action pursuant to 42

U.S.C. § 1983.  Presently before the Court are three motions (Docs. 58, 60, 69) to compel

discovery filed by Thomas.  On September 1, 2023, the Court received Thomas' first motion

(Doc. 58) to compel.  For the reasons set forth below, the motion (Doc. 58) will be granted in

part and denied in part.  On September 25, 2023, the Court received Thomas' second

motion (Doc. 60) to compel, and, on October 10, 2023, the Court received Thomas' third

motion (Doc. 69) to compel.  As discussed below, the Court will deny both motions (Docs.

60, 69).

### I.    Factual Background & Procedural History

The events giving rise to Thomas' cause of action stem from the mail rejection policy

at SCI-Rockview.  (Doc. 45).  Thomas alleges that Defendants failed to notify him that his

legal mail was returned to sender, causing him to lose the opportunity to appeal a state

court decision dismissing a negligence lawsuit he filed against a prison employee. (*Id.*). As a result, he alleges that Defendants violated his right of access to the courts and right to due process under the First and Fourteenth Amendments. (*Id.*).

Thomas filed the instant motions (Docs. 58, 60, 69) to compel discovery wherein he seeks answers to his requests for admissions, production of a prison policy, and identification of a prison employee. The motions are ripe for resolution.

## II.    Legal Standard

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. FED. R. CIV P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case... Information within this scope of discovery need not be admissible in evidence to be

2

discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted.  The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery if the discovery sought is unreasonably cumulative, duplicative, or readily obtainable from some other source, the party seeking discovery has had ample opportunity to obtain the information through discovery, or the proposed discovery is outside the scope permitted by Rule 26(b)(1). FED. R. CIV. P. 26(b)(2)(C).

## III.   Discussion

As stated, Thomas filed three motions (Docs. 58, 60, 69) to compel discovery.  The Court will address each motion in turn.

### A.   First Motion to Compel

In the first motion, Thomas takes issue with Defendants' responses to his requests for admissions.  (Docs. 58, 59).  Specifically, he asserts that Defendants Caprio, Scott, Moist, and Tice provided "a garden variety of objections" to his requests for admissions. (Doc. 59, p. 1).  Thomas thus seeks to compel Defendants to provide answers to his requests for admissions.  In response, Defendants argue that the motion must be denied because Thomas failed to demonstrate the relevancy of his requests or dispute the merits of Defendants' objections to the requests for admissions.  (Doc. 63).

3

On June 6, 2023, Thomas served Defendants with requests for admissions. (Doc.

59-1). Defendants provided responses on June 26, 2023. (Doc. 59-2). Thomas' seventeen

requests, and Defendants' responses, are as follows:

1.  According to your training in the year 2021 you were required to send notice
    to inmates about all incoming privilege mail that is confiscated, rejected, and
    returned to sender.

    RESPONSE:

    OBJECTION. This request is not a simple and concise statement
    of fact, capable of a simple yes, no, or lack of knowledge answer,
    but is instead comprised of vague, ambiguous, and compound
    wording which does not fairly allow the responding party to answer
    without risk of confusion and distortion and thus is an
    inappropriate use of requests for admission. *See, e.g., Kasar v.
    Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964);
    *Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.*, 29 F.R.D. 512
    (W.D. Pa. 1962).

    OBJECTION. This request improperly assumes facts not in
    evidence and thus does not constitute an appropriate use of a
    request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D.
    431 (E.D. Pa. 1959).

2.  In the year 2021 there was a process provided to the inmate that gives notice
    to the inmate of the rejection of privilege mail and the inmate had a
    opportunity to appeal the rejection of the privilege mail before it was returned
    to sender.

    RESPONSE:

    OBJECTION. This request is not a simple and concise statement
    of fact, capable of a simple yes, no, or lack of knowledge answer,
    but is instead comprised of vague, ambiguous, and compound
    wording which does not fairly allow the responding party to answer
    without risk of confusion and distortion and thus is an
    inappropriate use of requests for admission. *See, e.g., Kasar v.*

*Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964);
*Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.*, 29 F.R.D. 512
(W.D. Pa. 1962).

OBJECTION. This request improperly assumes facts not in
evidence and thus does not constitute an appropriate use of a
request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D.
431 (E.D. Pa. 1959).

3.   The Unacceptable Correspondence form is a way of giving notice to the
     inmate exactly when the item mailed to the inmate was rejected, confiscated
     and or returned to sender.

     RESPONSE:

     OBJECTION. This request improperly calls for interpretations of
     documents, reports and the like which require the responding
     party to form opinions and conclusions based entirely upon
     speculation and conjecture. *See, e.g., Kasar v. Miller Printing
     Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964).

     OBJECTION. This request is not a simple and concise statement
     of fact, capable of a simple yes, no, or lack of knowledge answer,
     but is instead comprised of vague, ambiguous, and compound
     wording which does not fairly allow the responding party to answer
     without risk of confusion and distortion and thus is an
     inappropriate use of requests for admission. *See, e.g., Kasar v.
     Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964).

     OBJECTION. This request improperly assumes facts not in evidence and
     thus does not constitute an appropriate use of a request for
     admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D.
     Pa. 1959).

4.   The Unacceptable Correspondence form provides an appeal process for the
     inmate to challenge the decision of mailroom staff to confiscate, reject and
     return to sender incoming privilege mail.

     RESPONSE:

OBJECTION. This request improperly calls for interpretations of documents, reports and the like which require the responding party to form opinions and conclusions based entirely upon speculation and conjecture. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964).

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no, or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964); *Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.*, 29 F.R.D. 512 (W.D. Pa. 1962).

OBJECTION. This request improperly assumes facts not in evidence and thus does not constitute an appropriate use of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

5.  By not informing inmates about incoming privilege mail that was received by the mailroom and then return to sender, deprived the inmate's right to life, liberty, and due process.

RESPONSE:

OBJECTION. This request for admission impermissibly calls for a legal conclusion that is one of the ultimate issues of the case. *See, e.g., Duchesneau v. Cornell Univ.*, 2010 WL 4117753 (E.D. Pa. Oct. 19, 2010).

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no, or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964); *Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.*, 29 F.R.D. 512 (W.D. Pa. 1962).

6

OBJECTION. This request is argumentative and not properly the subject of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request improperly assumes facts not in evidence and thus does not constitute an appropriate use of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

6. During year 2021 you were instructed by Stuart Boone, Mail room supervisor to process inmate mail according to DC-803.

RESPONSE:

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no, or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964); *Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.*, 29 F.R.D. 512 (W.D. Pa. 1962).

OBJECTION. This request improperly calls for interpretations of documents, reports and the like which require the responding party to form opinions and conclusions based entirely upon speculation and conjecture. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964).

7. You are required to abide by the Pennsylvania Department of Corrections mail policy DC-ADM 803.

RESPONSE:

OBJECTION. This request for admission impermissibly calls for a legal conclusion that is one of the ultimate issues of the case. *See, e.g., Duchesneau v. Cornell Univ.*, 2010 WL 4117753 (E.D. Pa. Oct. 19, 2010).

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no, or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964); *Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.*, 29 F.R.D. 512 (W.D. Pa. 1962).

OBJECTION. This request improperly assumes facts not in evidence and thus does not constitute an appropriate use of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION: This request improperly calls for interpretations of documents, reports and the like which require the responding party to form opinions and conclusions based entirely upon speculation and conjecture. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964).

8.   According to your training and the operating Pennsylvania Department of Corrections DC-ADM 803 mail policy, during the year of 2021 there was no requirement to notify inmates of incoming privilege mail that was confiscated and returned to sender.

RESPONSE:

OBJECTION. This request for admission impermissibly calls for a legal conclusion that is one of the ultimate issues of the case. *See, e.g., Duchesneau v. Cornell Univ.*, 2010 WL 4117753 (E.D. Pa. Oct. 19, 2010).

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no, or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964);

*Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.*, 29 F.R.D. 512 (W.D. Pa. 1962).

OBJECTION. This request improperly assumes facts not in evidence and thus does not constitute an appropriate use of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request improperly calls for interpretations of documents, reports and the like which require the responding party to form opinions and conclusions based entirely upon speculation and conjecture. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964)).

9.   You are required to know and understand the DC-ADM 803 Inmate mail and incoming Publications Procedural Manual.

RESPONSE:

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no, or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964); *Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.*, 29 F.R.D. 512 (W.D. Pa. 1962).

OBJECTION. This request for admission impermissibly calls for a legal conclusion that is one of the ultimate issues of the case. *See, e.g., Duchesneau v. Cornell Univ.*, 2010 WL 4117753 (E.D. Pa. Oct. 19, 2010).

OBJECTION. This request improperly calls for interpretations of documents, reports and the like which require the responding party to form opinions and conclusions based entirely upon speculation and conjecture. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964).

10. Previously According to DC-ADM 803 Inmate mail and incoming Publications Procedural Manual sec 1.(D) there was no requirement to notify the inmate of court related privilege mail.

RESPONSE:

OBJECTION. This request improperly calls for interpretations of documents, reports and the like which require the responding party to form opinions and conclusions based entirely upon speculation and conjecture. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964).

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no, or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964); *Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.*, 29 F.R.D. 512 (W.D. Pa. 1962).

OBJECTION. This request improperly assumes facts not in evidence and thus does not constitute an appropriate use of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

11. Prior to the year of 2022 there was no requirement to give inmates notice of Court related privilege mail that was returned to sender.

RESPONSE:

OBJECTION. This request improperly calls for interpretations of documents, reports and the like which require the responding party to form opinions and conclusions based entirely upon speculation and conjecture. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964).

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no, or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964); *Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.*, 29 F.R.D. 512 (W.D. Pa. 1962).

OBJECTION. This request improperly assumes facts not in evidence and thus does not constitute an appropriate use of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

12.   By not informing Mr. Thomas about the privilege mail that was rejected by mailroom staff on the dates identified at (Ex. A) Mr. Thomas[] had no way to know of or believe that incoming privilege mail was confiscated and returned to sender.

RESPONSE:

OBJECTION. This request for admission impermissibly calls for a legal conclusion that is one of the ultimate issues of the case. *See, e.g., Duchesneau v. Cornell Univ.*, 2010 WL 4117753 (E.D. Pa. Oct. 19, 2010).

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no, or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964); *Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.*, 29 F.R.D. 512 (W.D. Pa. 1962).

OBJECTION. This request is argumentative and not properly the subject of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request improperly assumes facts not in evidence and thus does not constitute an appropriate use of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request seeks information which the proponent knows to be disputed by Caprio, Scott, Moist, and Tice, and thus was submitted in violation of FED. R. CIV. P. 26(g)(1) (mandating that "*every* discovery request" be signed by...a party, and thereby certify the request was, "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry...(i) consistent with these rules and warranted by existing law or nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."[).]

13. You violated Mr. Thomas' constitutional right to Due Process by not being provided the opportunity to appeal the confiscation, rejection, and the return to sender of the numerous items of mail located at (Ex. A).

RESPONSE:

OBJECTION. This request for admission impermissibly calls for a legal conclusion that is one of the ultimate issues of the case. *See, e.g., Duchesneau v. Cornell Univ.*, 2010 WL 4117753 (E.D. Pa. Oct. 19, 2010).

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no, or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964);

*Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.*, 29 F.R.D. 512 (W.D. Pa. 1962).

OBJECTION. This request seeks to require the answering party to re-admit or re-deny the allegations of Plaintiff's Complaint and thus constitute[s] an inappropriate use of Requests for Admission. *See, e.g., Perez v. Miami-Dade Cnty.*, 297 F.3d 1255 (11th Cir., 2002).

OBJECTION. This request is argumentative and not properly the subject. of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request improperly assumes facts not in evidence and thus does not constitute an appropriate use of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request seeks information which the proponent knows to be disputed by Caprio, Scott, Moist, and Tice, and thus was submitted in violation of FED. R. CIV. P. 26(g)(1) (mandating that "*every* discovery request" be signed by…a party, and thereby certify the request was, "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry…(i) consistent with these rules and warranted by existing law or nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."[).]

14.   John Wetzel violated Mr. Thomas' constitutional right to Due Process by not being provided the opportunity to appeal the confiscation, rejection, and the return to sender of the numerous items of mail located at (Ex. A).

RESPONSE:

OBJECTION. This request for admission impermissibly calls for a legal conclusion that is one of the ultimate issues of the case. *See, e.g., Duchesneau v. Cornell Univ.,* 2010 WL 4117753 (E.D. Pa. Oct. 19, 2010).

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no; or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission. *See, e.g., Kasar v. Miller Printing Machinery Co.,* 36 F.R.D. 200 (W.D. Pa. 1964); *Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.,* 29 F.R.D. 512 (W.D. Pa. 1962).

OBJECTION. This request seeks to require the answering party to re-admit or re-deny the allegations of Plaintiff's Complaint and thus constitute[s] an inappropriate use of Requests for Admission. *See, e.g., Perez v. Miami-Dade Cnty.,* 297 F.3d 1255 (11th Cir., 2002).

OBJECTION. This request is argumentative and not properly the subject of a request for admission. *See, e.g., Griffin v. Wilhelmson,* 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request improperly assumes facts not in evidence and thus does not constitute an appropriate use of a request for admission. *See, e.g., Griffin v. Wilhelmson,* 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request seeks information which the proponent knows to be disputed by Caprio, Scott, Moist, and Tice, and thus was submitted in violation of FED. R. CIV. P. 26(g)(1) (mandating that "*every* discovery request" be signed by…a party, and thereby certify the request was, "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry…(i) consistent with these rules and warranted by existing law• or nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay,

14

or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."[).]

15.   Mail Room Supervisor Boone violated Mr. Thomas' constitutional right to Due Process by not being provided the opportunity to appeal the confiscation, rejection, and the return to sender of the numerous items of mail located at (Ex. A).

RESPONSE:

OBJECTION. This request for admission impermissibly calls for a legal conclusion that is one of the ultimate issues of the case. *See, e.g., Duchesneau v. Cornell Univ.*, 2010 WL 4117753 (E.D. Pa. Oct. 19, 2010).

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no, or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission. *See, e.g., Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200 (W.D. Pa. 1964); *Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.*, 29 F.R.D. 512 (W.D. Pa. 1962).

OBJECTION. This request seeks to require the answering party to re-admit or re-deny the allegations of Plaintiff's Complaint and thus constitute[s] an inappropriate use of Requests for Admission. *See, e.g., Perez v. Miami-Dade Cnty.*, 297 F.3d 1255 (11th Cir., 2002).

OBJECTION. This request is argumentative and not properly the subject of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request improperly assumes facts not in evidence and thus does not constitute an appropriate use of a

request for admission.  *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request seeks information which the proponent knows to be disputed by Caprio, Scott, Moist, and Tice, and thus was submitted in violation of FED. R. CIV. P. 26(g)(1) (mandating that "*every* discovery request" be signed by…a party, and thereby certify the request was, "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry…(i) consistent with these rules and warranted by existing law or nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."[).]

16.    Superintendent Bobi Jo Salmon violated Mr. Thomas' constitutional right to Due Process by not being provided the opportunity to appeal the confiscation, rejection, and the return to sender of the numerous items of mail located at (Ex. A).

RESPONSE:

OBJECTION. This request for admission impermissibly calls for a legal conclusion that is one of the ultimate issues of the case. *See, e.g., Duchesneau v. Cornell Univ.,* 2010 WL 4117753 (E.D. Pa. Oct. 19, 2010).

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no, or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission.  *See, e.g., Kasar v. Miller Printing Machinery Co.,* 36 F.R.D. 200 (W.D. Pa. 1964); *Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.,* 29 F.R.D. 512 (W.D. Pa. 1962).

OBJECTION. This request seeks to require the answering party to re-admit or re-deny the allegations of Plaintiff's Complaint and thus constitute[s] an inappropriate use of Requests for Admission. *See, e.g., Perez v. Miami-Dade Cnty.*, 297 F.3d 1255 (11th Cir., 2002).

OBJECTION. This request is argumentative and not properly the subject of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request improperly assumes facts not in evidence and thus does not constitute an appropriate use of a request for admission. *See, e.g., Griffin v. Wilhelmson*, 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request seeks information which the proponent knows to be disputed by Caprio, Scott, Moist, and Tice, and thus was submitted in violation of FED. R. CIV. P. 26(g)(1) (mandating that "*every* discovery request" be signed by...a party, and thereby certify the request was, "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry...(i) consistent with these rules and warranted by existing law or nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."[.]

17.     George Little violated Mr. Thomas' constitutional right to Due Process by not being provided the opportunity to appeal the confiscation, rejection, and the return to sender of the numerous items of mail located at (Ex. A).

RESPONSE:

OBJECTION. This request for admission impermissibly calls for a legal conclusion that is one of the ultimate issues of the case. *See, e.g., Duchesneau v. Cornell Univ.,* 2010 WL 4117753 (E.D. Pa. Oct. 19, 2010).

OBJECTION. This request is not a simple and concise statement of fact, capable of a simple yes, no, or lack of knowledge answer, but is instead comprised of vague, ambiguous, and compound wording which does not fairly allow the responding party to answer without risk of confusion and distortion and thus is an inappropriate use of requests for admission. *See, e.g., Kasar v. Miller Printing Machinery Co.,* 36 F.R.D. 200 (W.D. Pa. 1964); *Pgh. Hotels Ass'n v. Urban Redev. Auth. Of Pgh.,* 29 F.R.D. 512 (W.D. Pa. 1962).

OBJECTION. This request seeks to require the answering party to re-admit or re-deny the allegations of Plaintiff's Complaint and thus constitute[s] an inappropriate use of Requests for Admission. *See, e.g., Perez v. Miami-Dade Cnty.,* 297 F.3d 1255 (11th Cir., 2002).

OBJECTION. This request is argumentative and not properly the subject of a request for admission. *See, e.g., Griffin v. Wilhelmson,* 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request improperly assumes facts not in evidence and thus does not constitute an appropriate use of a request for admission. *See, e.g., Griffin v. Wilhelmson,* 24 F.R.D. 431 (E.D. Pa. 1959).

OBJECTION. This request seeks information which the proponent knows to be disputed by Caprio, Scott, Moist, and Tice, and thus was submitted in violation of FED. R. CIV. P. 26(g)(1) (mandating that "*every* discovery request" be signed by…a party, and thereby certify the request was, "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry…(i) consistent with these rules and warranted by existing law or nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither

unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."[).]

(Doc. 59-2).

In reviewing the discovery requests and Defendants' answers, the Court first notes that Defense counsel objected to the requests as not simple and concise statement of facts "capable of a simple yes, no, or lack of knowledge answer," as argumentative, assumed facts not in evidence, called for legal conclusions, and sought to require Defendants to re-admit or re-deny allegations in the amended complaint. (Doc. 59-2). Defense counsel cited relatively old caselaw from the Eleventh Circuit Court of Appeals, the Eastern District of Pennsylvania, and the Western District of Pennsylvania. Defense counsel did not cite to any Middle District of Pennsylvania or Third Circuit authority in support of the objections. The Court will nonetheless consider each request and objection thereto.

In Thomas' motion to compel, it is evident that he takes issue with the number of objections raised by Defendants. He contends that "[e]very admission request Objected to was for not just one identifiable reasoning [sic] but for several, as many as six different objections for certain Admissions." (Doc. 59, p. 2). Thomas fails to argue the relevancy of the requested information; rather, he only disputes the number of objections raised by Defendants. *See Molina v. Kauffman*, No. 4:21-cv-00038, 2023 WL 3077801, *2 (M.D. Pa. 2023) (citation omitted) (a party moving to compel discovery bears the initial burden of proving the relevance of the requested information). Despite Thomas' failure to explain the

19

relevance of the requested information—as is his burden—his discovery requests are relevant to his claims and the Court is inclined to grant the motion in part.

Federal Rule of Civil Procedure 36 authorizes a party to serve on any other party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) facts, the application of law to fact, or opinions about either; and

(B) the genuineness of any described documents."

FED. R. CIV. P. 36(a)(1)(A)-(B).  Rule 36 permits a responding party to object to any requests for admission, but requires that "[t]he grounds for objecting to a request must be stated" and "[a] party must not object solely on ground that the request presents a genuine issue for trial." FED. R. CIV. P. 36(a)(5).

From this Court's review of the requests for admissions, the Court finds that Thomas satisfies Rule 36's requirements with respect to request numbers 1, 2, 3, 4, 6, 7, 8, 9, 10, and 11, and will order Defendants to provide responses to these requests.  These requests can be answered with admissions or denials, with such supplementation or qualifications as necessary to provide a full response.  However, with respect to Thomas' requests numbered 5, 12, 13, 14, 15, 16, and 17, the Court finds that no response is needed as the requests are argumentative and call for legal conclusions.  Accordingly, the motion will be granted in part and denied in part.  (Doc. 58).

### B.    Second Motion to Compel

In the second motion, Thomas seeks to compel Defendant Little to provide prison policies and procedures related to the inventorying and storing of inmate property in the Restricted Housing Unit.  (Docs. 60, 67).  In response, Defendants argue that: (1) the motion to compel is untimely; and (2) the motion is moot because Defense counsel has directed Thomas to the applicable publicly available policies.  (Doc. 72).

First, the Court finds that this motion is untimely.  On May 25, 2023, the Court entered a Case Management Order which directed all parties to complete discovery on or before September 5, 2023.  (Doc. 56).  Thomas did not submit his motion until on or about September 20, 2023 (*see* Doc. 60, p. 4), approximately two weeks after the discovery deadline in this case had lapsed.  When a party submits an untimely discovery request, the Court can, and in the exercise of its discretion often should, refuse to compel compliance with that request.  *See, e.g., Maslanka v. Johnson & Johnson*, 305 F. App'x 848 (3d Cir.2008) (affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); *Oriakhi v. United States*, 165 F. App'x 991 (3d Cir.2006) (same); Bull v. United States, 143 F. App'x 468 (3d Cir. 2005) (same).  This principle applies here and compels denial of this particular request.

Second, even if the Court were to excuse the untimeliness of Thomas' motion, it appears that his request has been complied with and is now moot.  In Defendant's Little response to Thomas' request for production of documents, he noted that DC-ADM 203, DC-

ADM 801, DC-ADM 802, DC-ADM 803, and DC-ADM 815 are the policies most relevant to the information sought by Thomas. (*See* Doc. 67-3). Defendants advise that all of these policies are publicly available on the DOC website and at SCI-Rockview. (Doc. 72, pp. 4-5). Because Defendants have identified the publicly available policies that are responsive to Thomas' request, the Court will deny this motion. (Doc. 60). In the event that Thomas is unable to obtain a copy of the relevant policies, he may move to compel copies of these policies.

### C.    Third Motion to Compel

In the third motion, Thomas seeks to compel Defendant Boone to identify Captain Benjamin Leidhecker and identify the case that Leidhecker referenced in a memo he issued to prison mailrooms. (Docs. 69, 71). In response, Defendants argue that: (1) the motion to compel is untimely; and (2) the motion is moot because Defense counsel has provided Thomas with a supplemental response, identifying the individual referenced in the memo. (Doc. 75).

This discovery motion, which was not submitted until October 4, 2023 (*see* Doc. 69, p. 2), approximately one month after the discovery deadline in this case had lapsed, is fatally flawed because it is untimely. As the Court has noted, where a party submits an untimely discovery request, the Court can, and in the exercise of its discretion often should, refuse to compel compliance with that request. *See, e.g.*, *Maslanka*, 305 F. App'x 848;

*Oriakhi*, 165 F. App'x 991; *Bull*, 143 F. App'x 468.  Therefore, the Court will deny this motion.  (Doc. 69).

The Court further notes that Defendants have appeared to comply with this request. Defendants represent that, on October 25, 2023, defense counsel provided Thomas with a supplemental response, affirmatively identifying Leidhecker and the case referenced in the memo.  (Doc. 75, p. 4).  Based on Defendants' representation that the requested information was provided to Thomas, this request is now moot.

## IV.  Conclusion

Thomas' first motion (Doc. 58) to compel, docketed on September 1, 2023, will be granted in part and denied in part, as set forth *supra*.  Thomas' second and third motions (Docs. 60, 69) to compel, docketed on September 25, 2023 and October 10, 2023, respectively, will be denied.   A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April 22, 2024

23