## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT THOMAS,                          :      Civil No. 3:22-cv-1190
                                        :
                Plaintiff               :      (Judge Mariani)
                                        :
        v.                              :
                                        :
JOHN WETZEL, *et al.*,                  :
                                        :
                Defendants              :

## MEMORANDUM

Plaintiff Robert Thomas ("Thomas"), an inmate confined at State Correctional

Institution, Rockview, Pennsylvania ("SCI-Rockview"), initiated this action pursuant to 42

U.S.C. § 1983.  The matter is proceeding via an amended complaint.  (Doc. 45).  Named as

Defendants are former Secretary of the Department of Corrections ("DOC") John Wetzel,

acting Secretary of the DOC George Little, Superintendent Bobbi Jo Salamon, Mailroom

Supervisor Stewart Boone, and the following mailroom employees: Sharon Caprio, Donald

Scott, Andrew Moist, and Stacey Tice.

In the amended complaint, Thomas alleges that Defendants violated his

constitutional rights by failing to notify him that his legal mail was returned to sender.  He

asserts that Defendants violated his right of access to the courts under the First Amendment

and right to due process under the Fourteenth Amendment.  (Doc. 45 ¶¶ 90-113).  Thomas

seeks a declaratory judgment that Defendants violated his rights and an award of

compensatory and punitive damages.  (*Id*. at p. 17).

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 65). Defendants argue that they are entitled to judgment as a matter of law on the First Amendment access to courts claim. (Doc. 78). However, in light of the Third Circuit's decision in *Vogt v. Wetzel*, 8 F.4th 182 (2021)[1], Defendants concede that Thomas' due process rights were violated when he was not notified that his court mail was returned to sender. (*Id.* at p. 2). Although Defendants agree that a due process violation occurred, they argue that Thomas failed to establish the involvement of any Defendant except former-Secretary Wetzel. (*Id.*). They further argue that because Thomas did not suffer any actual injury as a result of this deprivation, he is only entitled to nominal damages. (*Id.*). Thus, they seek summary judgment in favor of all Defendants on the First Amendment access to courts claim, summary judgment in favor of all Defendants except Wetzel on the Fourteenth Amendment due process claim, and dismissal of Thomas' claims for compensatory and punitive damages. (*Id.*).

Defendants' motion for summary judgment is ripe for resolution. For the reasons set forth below, the motion will be granted in part and denied in part.

---

[1]   In *Vogt*, the Court of Appeals for the Third Circuit held that a prisoner's receipt of mail is a protected liberty interest under the Fourteenth Amendment. *Vogt v. Wetzel*, 8 F.4th 182, 186 (3d Cir. 2021). Thus, "prisons must notify inmates when their incoming mail is rejected." *Id.* at 184.

I.    **Statement of Undisputed Facts**[2]

At all relevant times, Thomas was housed at SCI-Rockview.  (Doc. 77 ¶ 1; Doc. 91 ¶ 1).

Defendant John Wetzel is the former Secretary of the DOC and was responsible for implementing the DC-ADM 803 policy on Inmate Mail and Incoming Publications, effective August 10, 2020.  (*Id.* ¶ 2).  In September of 2021, Wetzel retired as DOC Secretary.  (*Id.* ¶ 3).  Upon his retirement, Defendant George Little assumed the role of acting Secretary of the DOC.  (*Id.*).

Defendant Bobbi Jo Salamon is the Superintendent of SCI-Rockview.  (*Id.* ¶ 4). Defendants maintain that Salamon was not personally involved in the rejection of Thomas' mail or the development of the DOC's mail policies.  (Doc. 77 ¶ 4).  They maintain further that when Thomas informed her of the issues he was having with his mail, she told him that the mail policy did not require notification to inmates when their legal mail was returned to sender.  (*Id.*).  In response, Thomas contends that Defendant Salamon "maintained a policy, practice, and custom that caused Constitutional harm to the Plaintiff, namely the rejection of

---

2    Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. PA. LOCAL RULE OF COURT 56.1.  A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried.  *Id.*  Unless otherwise noted, the factual background herein derives from the parties' statements of material facts.  (Docs. 77, 91).

3

and the confiscation of Legal Mail addressed to the Plaintiff without notice or opportunity to challenge the rejection."  (Doc. 91 ¶ 4).

Defendant Stewart Boone is the Mailroom Supervisor at SCI-Rockview.  (Doc. 77 ¶ 5; Doc. 91 ¶ 5).  The parties dispute whether Defendant Boone was personally involved in the rejection of Thomas' mail or the development of the DOC's mail policies.  (*Id.*).

Defendants Sharon Caprio, Donald Scott, Andrew Moist, and Stacey Tice are DOC employees assigned to the mailroom at SCI-Rockview.  (*Id.* ¶ 6).  Their jobs entail sorting, collecting, and delivering incoming and outgoing inmate mail.  (*Id.*).

On February 4, 2021, Thomas filed a civil action in "Negligence and Assumpsit" in the Court of Common Pleas of Huntingdon County, captioned *Thomas v. Department of Corrections, et al.*, and docketed at CP-31-CV-31-2021.  (*Id.* ¶ 7).  The lawsuit accused various DOC employees and officials of negligence in the handling of Thomas' personal property.  (*Id.* ¶ 8).  On May 20, 2021, the Court of Common Pleas granted Defendants' preliminary objections and dismissed the lawsuit.  (*Id.*).  Thomas maintains that he was not aware that the lawsuit was dismissed.  (Doc. 91 ¶ 9).  The Court of Common Pleas sent Thomas a copy of its Order dismissing his lawsuit via United States mail.  (Doc. 77 ¶ 10; Doc. 91 ¶ 10).  The prison received this mailing on May 24, 2021; however, it was returned to sender because it did not contain a control number, as required by the DOC's legal mail policy.  (*Id.*).  The parties agree that, pursuant to DOC mail policy in effect at that time, Thomas was not notified that his incoming mail was returned to sender.  (Doc. 77 ¶ 11; Doc.

4

91 ¶ 11).  Thomas did not become aware that the court dismissed his lawsuit until he

received another mailing from the court on July 26, 2021.  (*Id.* ¶ 12).  By this time, the

period to appeal the court's dismissal had expired.  (*Id.*).  Thomas also asserts that he did

not receive notice of a child custody hearing in Missouri state court.  (Doc. 91 ¶¶ 10, 12).

II.    **Legal Standard**

Through summary adjudication, the court may dispose of those claims that do not

present a "genuine dispute as to any material fact."  FED. R. CIV. P. 56(a).  "As to materiality,

. . . [o]nly disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence

of a genuine issue as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106

S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Once such a showing has been made, the non-moving

party must offer specific facts contradicting those averred by the movant to establish a

genuine issue of material fact.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

Therefore, the non-moving party may not oppose summary judgment simply on the basis of

the pleadings, or on conclusory statements that a factual issue exists.  *Anderson*, 477 U.S.

at 248.  "A party asserting that a fact cannot be or is genuinely disputed must support the

assertion by citing to particular parts of materials in the record . . . or showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an

adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P.

56(c)(1)(A)-(B).  In evaluating whether summary judgment should be granted, "[t]he court

need consider only the cited materials, but it may consider other materials in the record."

FED. R. CIV. P. 56(c)(3).  "Inferences should be drawn in the light most favorable to the non-

moving party, and where the non-moving party's evidence contradicts the movant's, then

the non-movant's must be taken as true."  *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974

F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party

only if there is a 'genuine' dispute as to those facts."  *Scott v. Harris*, 550 U.S. 372, 380, 127

S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007).  If a party has carried its burden under the

summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical
> doubt as to the material facts.  Where the record taken as a whole could not
> lead a rational trier of fact to find for the nonmoving party, there is no genuine
> issue for trial.  The mere existence of some alleged factual dispute between
> the parties will not defeat an otherwise properly supported motion for
> summary judgment; the requirement is that there be no genuine issue of
> material fact.  When opposing parties tell two different stories, one of which is
> blatantly contradicted by the record, so that no reasonable jury could believe
> it, a court should not adopt that version of the facts for purposes of ruling on a
> motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

## III.   Discussion

Defendants move for summary judgment on the following grounds: (1) Thomas' First

Amendment claim fails as a matter of law as the underlying "lost claim" is frivolous and

6

insufficient to support an access to courts violation; (2) Thomas failed to establish the personal involvement of Little, Salamon, Boone, and the mailroom Defendants; and (3) Thomas is not entitled to recover compensatory or punitive damages. (Doc. 78). The Court addresses each argument below.

### A.    First Amendment Access to Courts Claim

Prisoners retain a right of meaningful access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). To establish an access to courts claim, a prisoner must demonstrate: "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe*, 536 F.3d at 205 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "To demonstrate an actual injury, a plaintiff must show that the defendant's conduct hindered his attempt to litigate a non-frivolous claim." *Watson v. Wingard*, 782 F. App'x 214, 217 (3d Cir. 2019) (citing *Christopher*, 536 U.S. at 415 (in turn, citing *Lewis*, 518 U.S. at 353). "[P]risoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." *Monroe*, 536 F.3d at 205 (citing *Lewis*, 518 U.S. at 353-55).

Thomas asserts that he lost the opportunity to appeal the Huntingdon County Court's dismissal of his lawsuit against DOC employees. (Doc. 45 ¶¶ 90-99; Doc. 90, pp. 19-20). It

is undisputed that, pursuant to the DOC mail policy in effect at that time, Thomas was not notified that his incoming mail from the Huntingdon County Court—containing the order dismissing his lawsuit—was returned to sender on May 24, 2021.  (Doc. 77 ¶ 11; Doc. 91 ¶ 11).  Because Thomas did not receive this mailing, he was not aware that the court dismissed his lawsuit until he received another mailing from the court on July 26, 2021. (Doc. 77 ¶ 12; Doc. 91 ¶ 12).  At this time, the period to appeal the court's dismissal of his lawsuit had expired.  (*Id.*).

The record of Thomas' state court lawsuit reveals that the Huntingdon County Court of Common Pleas dismissed his lawsuit, finding that Thomas' complaint failed to establish the personal involvement of several defendants, failed to state a claim in either negligence or assumpsit upon which relief could be granted, and that the defendants were entitled to sovereign immunity.  (Doc. 57-3, pp. 3-4).  Failure to receive the state court's decision thwarted Thomas' ability to file an appeal.  Because Thomas lost the opportunity to appeal the adverse decision in his state court lawsuit, there is a factual dispute as to whether he suffered an actual injury.  Therefore, the Court will deny Defendants' motion for summary judgment with respect to the First Amendment access to courts claim.

**B.    Claims against Little, Salamon, Boone, and the mailroom Defendants**

Defendants assert that Thomas has not established that Little, Salamon, Boone, Caprio, Scott, Moist, and Tice personally participated in the purported violation of his Fourteenth Amendment rights.  (Doc. 78, pp. 10-13).

Individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. A claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. *Id.* at 1207.

First, Thomas asserts that Defendant Little violated his due process rights by enforcing former Secretary Wetzel's unconstitutional mail rejection policy. (Doc. 45 ¶ 113). As a result, Thomas was not notified when his mail was returned to sender. (*Id.*). The record confirms that the mailing from the Huntingdon County Court was rejected by the SCI-Huntingdon mailroom on May 24, 2021, and returned to sender on that date. (*See* Doc. 45

9

¶¶ 34-38; *see also* Doc. 57-7, p. 4).  The record further confirms that Defendant Wetzel did not retire as DOC Secretary until September of 2021, at which time Defendant Little became acting Secretary.  (Doc. 77 ¶ 3).  It is undisputed that Defendant Wetzel still had final policymaking authority when the mailing was rejected on May 24, 2021.  Therefore, Defendant Little cannot be liable as a policymaker under § 1983 with respect to the mailing was on May 24, 2021.  However, Thomas asserts that after Defendant Little assumed the role of acting Secretary, he continued to enforce the unconstitutional mail policy.  (Doc. 90, pp. 9-11).  As such, the Court will deny Defendants' motion with respect to the claims against Little.

Second, Thomas asserts supervisory involvement of both Defendant Salamon and Defendant Boone.  Thomas contends that his Fourteenth Amendment due process rights were violated when they enforced former Secretary Wetzel's unconstitutional mail rejection policy.  (Doc. 45 ¶¶ 102, 104).  Thomas' contention regarding Defendant Salamon is that she "approves the actions of her subordinates" and "disregarded" the actions of the mailroom staff.  (*Id.* ¶ 12).  He further asserts that Defendant Salamon, as Superintendent, has a "duty to be aware of all clearly established rights of the prisoners under her supervision."  (Doc. 90, p. 12).  Thomas' contention regarding Defendant Boone is that he is the Mailroom Supervisor who is responsible for "train[ing] his staff on new DOC directives" and "enforce[ed]…the custom of not notifying inmates of privilege[d] mail that was returned [to] sender."  (*Id.* ¶¶ 15, 104).  Supervisors "may not be held liable for the unconstitutional

10

conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Supervisory liability will attach when the supervisor: (1) establishes and maintains a policy causing the constitutional harm, or (2) participates in the violation of rights, directs others to violate them, or as person in charge, knows of and acquiesces in subordinates' violation. *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010). Based upon a review of the record, there is a genuine dispute as to whether Thomas has established a supervisory liability claim against Defendants Salamon and Boone. The Court will deny Defendants' motion based on a lack of personal involvement of Salamon and Boone.

Regarding the personal involvement of Caprio, Scott, Moist, and Tice, Thomas asserts that their jobs, as mailroom employees, involves sorting, collecting, and delivering incoming and outgoing inmate mail. (Doc. 45 ¶¶ 17-28; Doc. 77 ¶ 5; Doc. 91 ¶ 5). Thomas has failed to submit any evidence that Defendants Caprio, Scott, Moist, and Tice were personally involved in receiving or rejecting his mail from the Huntington County Court on May 24, 2021 or with respect to any mailings from Missouri state court. The party adverse to summary judgment must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989). Thomas has failed to meet this

burden and failed to establish the required personal involvement on the part of Defendants Caprio, Scott, Moist, and Tice for § 1983 liability.

### C.    Claim for Compensatory and Punitive Damages

Thomas seeks compensatory and punitive damages. (Doc. 45, p. 17). Defendants argue that Thomas failed to state a plausible claim for punitive damages because he failed to establish reckless or callous indifference to his rights, or reprehensible conduct by any of the Defendants. (Doc. 78, pp. 14-15). In addition, they contend that Thomas has not suffered any physical injuries for an award of compensatory damages. (*Id.* at pp. 13-14). Considering the Court's determination that the First Amendment claim shall proceed, and the Fourteenth Amendment claim shall proceed against Defendants Wetzel, Salamon, and Boone, the Court declines to dismiss the claim for compensatory and punitive damages and will not delve into the factual determinations required for an award of punitive or compensatory damages at this stage.

## IV.    Conclusion

Defendants' Rule 56 motion (Doc. 65) will be granted in part and denied in part. A separate Order shall issue.



Robert D. Mariani
United States District Judge

Dated: June _17_, 2024

12